

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: LI YU
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York  10007
Telephone No. (212) 637-2734
Facsimile No. (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

TREADSTONE 77, INC., and JERRY      :
HAUSER,      :
      :
         Plaintiffs,      :
      :
      :
      -against-      :
      :
      :
LAWRENCE A. OMANSKY, ROBERT J.      :
BARSCH, R.R. LOVE LTD. a/k/a LOVE      :
PUBLISHING LTD., JAMES BERNARD      :
d/b/a EXPANSION UNION, TVT MUSIC,      :
INC., WAX TRAX! RECORDS, INC.,      :
CLERK OF THE UNITED STATES      :
DISTRICT COURT OF THE SOUTHERN      :
DISTRICT OF NEW YORK,      :
      :
      :
         Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

**NOTICE OF REMOVAL**

07 Civ. _____

     Defendant J. Michael McMahon, the Clerk of the United States District Court for the

Southern District of New York, ("McMahon"), by and through his attorney, Michael J. Garcia,

United States Attorney for the Southern District of New York, hereby removes the above-

captioned action to the United States District Court for the Southern District of New York

pursuant to 28 U.S.C. § 1442(a)(1) and § 1446.  The grounds for removal are as follows:

      1.    On or about August 29, 2007, Treadstone 77, Inc. and Jerry Hauser (collectively, the "Plaintiffs") commenced an action in New York Supreme Court (New York County), under Index Number 07-112167, naming Lawrence A. Omansky, R. R. Love Ltd. a/k/a Love Publishing Ltd., and James Bernard d/b/a Expansion Union (collectively, the "Omansky Defendants"); Robert J. Barsch, TVT Music Inc., and Wax Trax! Records, Inc. (collectively, the "Barsch Defendants"); and McMahon, identified as "the Clerk of the United States District Court of the Southern District of New York," as defendants.  A true and correct copy of the verified complaint is attached as Exhibit A (the "Complaint").  Less than thirty days have elapsed since McMahon first received a copy of the Complaint.

      2.    According to the Complaint, defendant Lawrence A. Omansky, "acting in behalf of [the Omanksky Defendants] engaged the [P]laintiffs to enforce payment" of a judgment that the Omansky Defendants had secured in an action before the United States District Court for the Southern District of New York (the "District Court Judgment").  Id. at ¶¶ 6, 9.  For such services, the Complaint alleges, the Omansky Defendants "agreed to pay [Plaintiffs] a sum equal to 12 1/2% of all sums recovered plus expenses."  Id.

      3.    According to the Complaint, Plaintiffs "located assets and funds [] available for collection [to satisfy the District Court Judgment] ... and placed restraints against other use of the funds."  Id. at ¶ 11.  Sometime thereafter, the Complaint alleges, the Barsch Defendants "posted a cash bond" in the United States District Court of the Southern District of New York in connection with their appeal from the District Court Judgment.  Id. at ¶ 12.  The funds used by the Barsch Defendants for posting the cash bond, the Complaint appears to allege, are the funds

that Plaintiffs had "located." See id. Such funds, the Complaint further alleges "upon information and belief," "are currently in the hands" of McMahon. Id. at ¶ 13.

4.    The Complaint alleges that, notwithstanding Plaintiffs' success at locating assets of the Barsch Defendants, the Omansky Defendants have "since disclaimed any obligation to make payment of any sum whatever to the [P]laintiffs." Id. at ¶ 14. This statement, the Complaint asserts, constitutes "an anticipatory breach of contract" by the Omansky Defendants. Id. at ¶ 15. Plaintiffs seek both declaratory and injunctive relief. See id. at ¶ 16. In particular, the Complaint includes a demand for the issuance of an injunction against McMahon to "enjoin[] and restrain[] [him] from paying any monies to [any of the Omansky Defendants] except after having made provisions for the payment of the claims of the plaintiffs." Id.

5.    This action is a civil action against McMahon, an officer of the United States federal judiciary, see, e.g., 28 U.S.C. § 751; and it seeks to compel him to act in his official capacity. See supra. This action therefore may be removed to this Court pursuant to 28 U.S.C. § 1442(a)(1). See id. (authorizing removal of any "civil action commenced in a State court against ... any officer ... of the United States or of any agency thereof, sued in an official ... capacity ...").

6.    Removal of this action will allow this Court to determine that Plaintiffs' claim for injunctive relief against McMahon is barred by sovereign immunity because sovereign immunity extends to any action that McMahon takes in his official capacity, see, e.g., Dotson v. Griesa, 398 F.3d 156, 177 (2d Cir. 2005) (noting that sovereign immunity applies to officers of the United States when acting in their official capacities), and because the Complaint sets forth no basis for inferring a waiver by the United States of its sovereign immunity. See, e.g., Wake v.

United States, 89 F.3d 53, 57 (2d Cir. 1996) ("[a]bsent a waiver, sovereign immunity shields the federal Government and its agencies from suit"); Dotson, *supra* (in the Second Circuit, sovereign immunity bars any injunctive relief requiring affirmative government action unless Supreme Court decisions clearly indicate otherwise) (citing Knight v. New York, 443 F.2d 415, 420 (2d Cir. 1971) (Friendly, J.)).

7.     Removal will not create subject matter jurisdiction in this Court to hear the claims in the Complaint in federal court. See PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72-73 (2d Cir. 1998); In re Elko County Grand Jury, 109 F.3d 554 (9th Cir. 1997); Edwards v. U.S. Dep't of Justice, 43 F.3d 312 (7th Cir. 1994); Boron Oil Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989). Accordingly, upon removal under 28 U.S.C. § 1442(a)(1), this Court's jurisdiction over this action will be limited to the determination that sovereign immunity precludes Plaintiffs' claim for injunctive relief against McMahon. See, PT United Can Co., *supra* at 73 (upon removal, a party may challenge the original state court's jurisdiction over claims); Locklsey v. United States, NO. 05 CIV. 2593 (JGK), 2005 WL 1459101 (S.D.N.Y., Jun. 15, 2005) (dismissing claims removed to federal court for lack of subject matter jurisdiction based on, inter alia, failure to identify an applicable waiver of sovereign immunity); see also Edwards v. Dept. of Justice, 43 F.3d 312, 317 (7th Cir. 1994) (federal court may quash subpoenas against federal officers under the sovereign immunity doctrine in proceedings removed from state courts); Goodrich v. Burlington N. R.R. Co., 701 F.2d 129 (10th Cir. 1983).

8.     The submission of this notice of removal is solely for the special purpose of removing this action to Court and is not a general appearance by McMahon. This Office makes a limited appearance on behalf of McMahon solely for the purpose of removal of this action. This

submission does not constitute a waiver of any defense available to McMahon, including any

defense under Rule 12 of the Federal Rules of Civil Procedure, and does not constitute a waiver

of a defense of lack of personal jurisdiction or improper service of process.

Dated:      New York, New York
            September 28, 2007

                            MICHAEL J. GARCIA
                            United States Attorney for the
                            Southern District of New York
                            Attorney for Defendant the Clerk of
                            the United States District Court for
                            the Southern District of New York
                            J. Michael McMahon

            By:    _____
                   LI  YU
                   Assistant United States Attorney
                   86 Chambers Street, Third Floor
                   New York, New York 10007
                   Telephone No.  (212) 637-2734
                   Facsimile No.  (212) 637-2717

TO:

        Noel W. Hauser, Esq.
        Attorney for Plaintiffs
        270 Madison Avenue, 13th Floor
        New York, New York 10016
        Telephone No. (212) 688-6400

CERTIFICATE OF SERVICE

I, LI YU, an Assistant United States Attorney for the Southern District of New York, hereby certify that on September 28, 2007, I caused a true and correct copy of the NOTICE OF REMOVAL and accompanying exhibits to be served by Overnight Delivery upon the following:

Noel W. Hauser, Esq.
Attorney for Plaintiffs
270 Madison Avenue, 13th Floor
New York, New York 10016
Telephone No. (212) 688-6400


Dated:        New York, New York
              September 28, 2007


                                        _____
                                        LI YU
                                        Assistant United States Attorney