UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

TREADSTONE 77, INC., and JERRY HAUSER,

        Plaintiffs,

  -v -

LAWRENCE A. OMANSKY, ROBERT J, BARSCH, R.R. LOVE LTD. a/k/a LOVE PUBLISHING LTD., JAMES BERNARD d/b/a EXPANSION UNION, TVT MUSIC, INC., WAX TRAX! RECORDS, INC., and CLERK OF THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK,

        Defendants.

------------------------------------------------------------------- x

07 Civ. 8454 (RMB)(MHD)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT J. MICHAEL MCMAHON'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant J. Michael McMahon, the Clerk for the United States District Court for the Southern District of New York ("McMahon" or the "Clerk of the Court"), respectfully submits this memorandum of law in support of his motion to dismiss pursuant to Rule 12(b)(1) the Federal Rules of Civil Procedure. The claim asserted against McMahon in the above-captioned lawsuit should be dismissed because it is barred by sovereign immunity. Plaintiffs seek certain injunctive relief against McMahon; yet they nowhere proffer any statutory basis waiving McMahon's sovereign immunity from suit. Accordingly, this Court lacks subject matter jurisdiction over plaintiffs' claim against McMahon.

### BACKGROUND

This lawsuit arises from a contract dispute between the prevailing parties in a separate action in this Court and the agents hired by these parties to help them enforce the judgment that

they had secured. The Clerk of the Court has been named as a defendant in the instant action solely because he holds funds that the plaintiffs in this action claim are owed to them by the prevailing parties in that other action.

### A. The Love Ltd. Lawsuit[1]

On November 8, 2006, a judgment of $103,612.00 was entered in this Court in *R.R. Love Ltd., et al v. TVT Music, Inc., et al.*, 01 Civ. 10155 (the "Love Ltd. lawsuit") in favor of R. R. Love Ltd. and James Bernard (collectively, the "Love Ltd. Plaintiffs") against TVT Music, Inc. and Wax Trax! Records, Inc. (collectively, the "Love Ltd. Defendants"), who had been found liable for breach of contract and unjust enrichment by a jury. *See* Declaration of Li Yu ("Yu Decl.") at ¶ 3; *see also* Judgment No. 06-2399, attached to the Yu Decl. at Ex. A. On December 7, 2006, the Love Ltd. Defendants filed a Notice of Appeal in this Court from the November 8, 2006 Judgment. *See* Yu Decl. at ¶ 4; *see also* Notice of Appeal dated December 7, 2006, attached to Yu Decl. at Ex. B.

In connection with their appeal, the Love Ltd. Defendants sought and were given leave by Judge Koetl to deposit cash with the Clerk of the Court in lieu of a supersedeas bond. *See* Yu Decl. at ¶ 5; *see also* Order Permitting Cash Deposit in Lieu of Bond dated June 7, 2007, as modified on June 8, 2007, attached to Yu Decl. at Ex. C. On June 6, 2007, the Love Ltd. Defendants deposited a certified check in the amount of $113,973.20 with the office of the Clerk of the Court. *See* Declaration of Diana Gustaferri ("Gustaferri Decl.") at ¶ 3.

---

[1] Facts regarding the Love Ltd. lawsuit are presented here solely as background for the origin of the instant lawsuit. It is not necessary to rely on those facts to resolve this motion. Nevertheless, the Court may consider such facts, including the Gustaferri and Yu Declarations and the attached filings, in deciding whether to dismiss the claim against McMahon because this motion is made pursuant to Rule 12(b)(1). *See McKithen v. Brown*, 481 F.3d 89, 95 (2d Cir. 2007) ("in resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), [the Court] may refer to evidence outside the pleadings") (internal quotation omitted).

2

Judge Koetl's June 6, 2007 Order instructed the Clerk of the Court to "accept the deposit and place funds in an interest-bearing account pending the resolution of the appeal." *Id*. at 2. Accordingly, the Clerk of the Court deposited those funds into the Court Registry and Investment System, where they remain today. *See* Gustaferri Decl. at ¶ 4. Pursuant to 28 U.S.C. §§ 2041 and 2042, the Clerk of the Court will maintain the funds it received from the Love Ltd. Defendants in the Court Registry and Investment System until when instructed by a Judge in this District to withdraw those funds.

### B.  The Instant Lawsuit

On August 29, 2007, the plaintiffs brought this lawsuit in New York state court seeking, *inter alia*, to compel the Clerk of the Court to hold on to the funds deposited by the Love Ltd. Defendants. At the nub of this action is a contract dispute between plaintiffs and the Love Ltd. Plaintiffs and their counsel Lawrence A. Omansky (collectively, "Omansky Defendants"). The Complaint alleges that, after the judgment had been entered in the Love Ltd. lawsuit and before the Love Ltd. Defendants had deposited their funds with the Clerk of the Court, plaintiffs were retained by the Omansky Defendants to locate assets of the Love Ltd. Defendants to enforce that judgment. *Id*. at ¶¶ 6, 9. The Omansky Defendants, it is alleged, "agreed to pay [plaintiffs] a sum equal to 12 1/2% of all sums recovered plus expenses." *Id*. at ¶ 9.

According to plaintiffs, they were successful in locating the Love Ltd. Defendants' assets for the Omansky Defendants. *See id*. at ¶ 11. However, before the Omansky Defendants were able to collect on their judgment, the Complaint alleges, the Love Ltd. Defendants "posted a cash bond" with this Court – apparently referring to the deposit of funds with the Clerk of the Court made pursuant to the June 6, 2006 Order in the Love Ltd. lawsuit – using the funds located by plaintiffs. *Id*. at ¶ 12. Meanwhile, the Omansky Defendants "disclaimed" their obligations to pay plaintiffs, in "anticipatory breach of [their] contract." *Id*. at ¶¶ 15-16.

3

In addition to suing the Omansky Defendants, the Love Ltd. Defendants, and the counsel for the Love Ltd. Defendants, plaintiffs also named the "Clerk of the United States District Court of the Southern District of New York" as a defendant in this action.  Specifically, plaintiffs seek the issuance of an injunction against McMahon to "enjoin[] and restrain[] [him] from paying any monies to [any of the Omansky Defendants] except after having made provisions for the payment of the claims of the plaintiffs."  *Id.* at ¶ 16-b.

On September 28, 2007, McMahon removed this action from New York state court to this Court pursuant to 28 U.S.C. §§1442 and 1446.

## ARGUMENT
### SOVEREIGN IMMUNITY BARS PLAINTIFFS' CLAIM AGAINST THE CLERK OF THE COURT

"The basic rule of federal sovereign immunity," the Supreme Court has explained, "is that the United States cannot be sued at all without the consent of Congress."  *Block v. North Dakota*, 461 U.S. 273, 287 (1983).  To assert a claim against the United States, a federal agency, or a federal officer acting in his or her official capacity, a plaintiff must plead facts adequate to support a valid waiver of sovereign immunity that applies to his or her claim.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) (sovereign immunity applies to a claim against federal agencies and officers because such a claim effectively amounts to "a suit against the United States").  The failure to identify any applicable waiver of sovereign immunity mandates the dismissal of a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Here, plaintiffs seek an injunction to restrain McMahon from "paying any monies to [the Omansky Defendants] … except after having made provision for the payment of the claims of the plaintiffs."  Compl. at ¶ 16-b.  This claim for injunctive relief plainly is asserted against

McMahon in his official capacity — the issuance of the injunction requested would prevent the Clerk of the Court from performing the duty of that office, in this case, to disburse funds in accordance with the orders of the District Court.  *See* 28 U.S.C. § 956 (charging the clerks of the federal courts to "perform the duties assigned to them by the court[s]").  Sovereign immunity, therefore, applies to this claim.

In order to establish that a jurisdictional basis exists for their claim against McMahon, plaintiffs must identify one or more applicable waivers of sovereign immunity — either as "'unequivocally expressed' [by Congress] in statutory text," *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33 (1992)) or based on a constitutional claim that does not require "affirmative action by [] federal government employees in their official capacities," *Dotson v. Griesa*, 398 F.3d 136, 177 n.16 (2d Cir. 2005) (citing *Knight v. New York*, 443 F.2d 415, 420 (2d Cir. 1971) (Friendly, J.)); *see also Jones v. Newman*, 98 Civ. 7460 (MBM), 1999 WL 493429, at *9 (S.D.N.Y. Jun. 30, 1999).  Plaintiffs do not identify any statutory basis in the Complaint for their demand for an injunction restraining McMahon from carrying out the orders of this Court; nor do they press any constitutional claim against McMahon.

Indeed, the allegations in the Complaint fail to suggest that any waiver of sovereign immunity could apply to plaintiffs' injunctive claim against McMahon.[2]  Here, the gravamen of plaintiffs' grievance is that, as the result of the Omansky Defendants' breach of an agreement with plaintiffs, they owe plaintiffs a sum of approximately $15,000.  *See* Compl. at ¶ 16-a.  To date, plaintiffs have not prevailed on that breach of contract claim.  Further, even if they had

---

[2]  The office of the Clerk of the Court is a part of the federal judiciary.  *See* 28 U.S.C. § 751.  Accordingly, the Administrative Procedures Act, which waives sovereign immunity of federal "agencies" for judicial review for their actions, does not apply to the judiciary.  *See Dotson*, 398 F.3d at 177 n.15 (noting that 5 U.S.C. § 701(b)(1)(B) excludes the "courts of the United States"  from the statutory definition of "agency" under the APA).

done so, plaintiffs' right to recovery from the Omansky Defendants would not be limited to the funds that the Love Ltd. Defendants had deposited with the Clerk of the Court.

At bottom, therefore, plaintiffs' request to enjoin the SDNY Clerk's Office from disbursing funds in accordance with that office's statutory duty amounts to little more than a gambit to circumvent the normal process for enforcing judgments. Such a rationale clearly does not suffice as a valid basis for invoking any applicable waiver of sovereign immunity. *See, e.g., Brown v. Sec'y of Army,* 78 F.3d 645, 649-50 (D.C. Cir. 1996) (the doctrine that waivers of sovereign immunity shall be narrowly construed is grounded in the principle that "the use and disposition of the means required for the proper administration of the government" should not be subject to constant interference by lawsuits).

## CONCLUSION

For the reasons set forth above, the Government respectfully submits that the claim asserted again McMahon be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Dated: New York, New York
       November 7, 2007

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    Attorney for Defendant J. Michael
                                    McMahon

                              By:   s/ Li Yu
                                    LI YU
                                    Assistant United States Attorney
                                    86 Chambers Street, 3rd Floor
                                    New York, NY 10007
                                    Tel.: (212) 637-2734
                                    Fax: (212) 637-2686